ORDER AND JUDGMENT *
PER CURIAM.
At the end of a Utah traffic stop, a state trooper detained Andrew Wiley so that a drug dog could sniff around Wiley’s truck. After the dog alerted, troopers searched Wiley’s truck and seized from it $85,668[1] and a small amount of marijuana. Although Wiley was never charged with a federal crime, the government filed a forfeiture complaint against the currency. As part of the forfeiture-in-rem proceeding, Wiley filed a motion to suppress, challenging the reasonableness of his detention preceding the search of his truck. After a hearing, the district court denied the motion to suppress.
On appeal, all panel members agree that the initial stop was justified at its inception. But Judge Phillips and Judge Ebel both vote to reverse the district court’s order denying suppression. Judge Phillips reasons that reasonable suspicion of any registration offenses (expired, fake, or stolen license plates or registration tabs) dissipated when the trooper learned or should have learned that the State of Missouri had issued the plate and its registration tab within two weeks of the traffic stop; and that any reasonable suspicion that Wiley’s truck was stolen dissipated when Wiley handed the trooper his “original motor vehicle title receipt.” Although Judge Phillips agrees with Chief Judge Briscoe that the trooper had reasonable suspicion of illegal drug activity by the end of the stop, Judge Phillips reasons that the government cannot rely on the key facts suggesting illegal drug activity because the trooper learned those facts after Wiley was entitled to be released. Judge Ebel reasons that reasonable suspicion continued up to the point that the trooper returned Wiley’s driving documents and told Wiley he was free to leave. But Judge Ebel reasons that the trooper lacked reasonable suspicion of illegal drug activity before continuing to detain Wiley in order to deploy the drug dog. Chief Judge Bris-coe dissents, reasoning that the trooper had reasonable suspicion of a registration-related offense up until he returned Wiley’s driving documents and further that by then he had a separate reasonable suspicion of illegal drug activity. Accordingly, because two judges vote to suppress the evidence seized from the truck, we REVERSE the district court’s order denying suppression and REMAND for further proceedings.[2]

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

. We note a small discrepancy in the dollar figure stated in our caption versus the district court’s. Our caption lists the amount alleged in the government’s forfeiture complaint.

. We grant the government's motion to supplement the record on appeal to include a transcript of the traffic stop.